CONSUMER FINANCIAL PROTECTION
BUREAU and THE STATE OF FLORIDA,
Office of the Attorney General,
Department of Legal Affairs,

    Plaintiffs,

v.

MICHAEL HARPER; BENN WILLCOX;
MARC HOFFMAN; THE HOFFMAN LAW
GROUP, P.A., f/k/a The Residential
Litigation Group, P.A.; NATIONWIDE
MANAGEMENT SOLUTIONS, LLC;
LEGAL INTAKE SOLUTIONS, LLC;
FILE INTAKE SOLUTIONS, LLC;
and BM MARKETING GROUP, LLC,

    Defendants.

_____/

## ORDER APPROVING STIPULATED PRELIMINARY INJUNCTION
## AS TO DEFENDANT MARC HOFFMAN

**THIS CAUSE** is before the Court upon Plaintiffs' Notice of Filing Stipulated

Preliminary Injunction as to Defendant Marc Hoffman Only [DE 75]. The Court has

carefully reviewed the Stipulated Preliminary Injunction as to Defendant Marc Hoffman

[DE 75-1] ("Stipulated PI"), executed by Plaintiffs' counsel, Defendant Hoffman's

counsel, and Hoffman himself. In general, the Stipulated PI extends the terms of the

Court's Ex Parte Temporary Restraining Order with Asset Freeze, Appointment of

Temporary Receiver, and Other Equitable Relief [DE 13] with respect to Hoffman until

Plaintiffs' claims against him in this case are finally resolved. Accordingly, it is

**ORDERED AND ADJUDGED** that the Stipulated Preliminary Injunction as to

Defendant Marc Hoffman [DE 75-1], attached to and incorporated in this Order, is

hereby **APPROVED** and **ADOPTED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County,

Florida, this 15th day of September, 2014.

JAMES I. COHN
United States District Judge

Copies provided to:

Counsel of record and
pro se parties via CM/ECF

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 14-cv-80931-COHN-SELTZER

CONSUMER FINANCIAL PROTECTION |
BUREAU and THE STATE OF FLORIDA, |
Office of the Attorney General, |
Department of Legal Affairs |
                   |
       Plaintiffs, |
                   |
v. |
                   |
MICHAEL HARPER, an individual; BENN |
WILLCOX, an individual; MARC HOFFMAN, |
an individual; THE HOFFMAN LAW GROUP, |
P.A. f/k/a THE RESIDENTIAL LITIGATION |
GROUP, P.A., a Florida corporation; |
NATIONWIDE MANAGEMENT SOLUTIONS, |
LLC, a Florida limited liability company; |
LEGAL INTAKE SOLUTIONS, LLC, a Florida |
limited liability company; FILE INTAKE |
SOLUTIONS, LLC, a Florida limited liability |
company; and BM MARKETING GROUP, |
LLC, a Florida limited liability company, |
                   |
       Defendants. |

## **STIPULATED PRELIMINARY INJUNCTION AS TO**
## **DEFENDANT MARC HOFFMAN**

On July 14, 2014, Plaintiffs, the Consumer Financial Protection Bureau and the

State of Florida, have filed a complaint (DE 4) under (1) Sections 1054 and 1055 of the

Consumer Financial Protection Act of 2010, 12 U.S.C. § 5564 and 5565; (2) Section 626

of the Omnibus Appropriations Act of 2009, as amended by Section 1097 of the CFPA,

12 U.S.C. § 5538, and the Mortgage Assistance Relief Services Rule, 12 C.F.R. Part 1015

1

("Regulation O"); (3) the Florida Deceptive and Unfair Trade Practices Act ("FDUPTA"), Chapter 501, Part II, Florida Statutes; and (4) Florida's Civil Theft law, Sections 812.035(5), 812.041, Florida Statutes. The Complaint alleges that Defendants' acts or practices violate these laws in connection with the marketing and sale of their mortgage assistance relief services. The Complaint seeks preliminary and permanent injunctive relief, rescission or reformation of contracts, the refund of monies paid, restitution, disgorgement of ill-gotten monies, and other equitable relief, as well as civil money penalties. On July 16, 2014, the Court issued a Temporary Restraining Order (DE 13).

## FACTUAL AND LEGAL STIPULATIONS

Plaintiffs and Defendant Marc Hoffman stipulate to the following:

1.    This Court has jurisdiction over the subject matter of this case and over all the parties hereto, and venue in this district is proper;

2.    Plaintiffs are likely to prevail on the merits of this action;

3.    Good cause exists to continue an asset freeze and the other equitable relief as stipulated herein; and

4.    No security is required for this stipulation Fed. R. Civ. P. 65(c).

5.    Nothing herein shall be deemed an admission of wrongdoing by PI Defendant, an admission of any allegation in the complaint in this action, or a waiver of any defense or privilege.

6.    PI Defendant expressly reserves the right to apply to the Court for an order modifying this preliminary injunction to permit him to pay reasonable, necessary and ordinary living expenses and/or attorney's fees and costs from frozen assets.

## DEFINITIONS

For the purposes of this Stipulation, the following definitions shall apply:

2

a. "Assets" means any legal or equitable interest in, right to, or claim to any real, personal, or intellectual property owned or controlled by, or held, in whole or in part for the benefit of, or subject to access by any PI Defendant, wherever located, whether in the United States or abroad. This includes, but is not limited to, chattel, goods, instruments, equipment, fixtures, general intangibles, effects, leaseholds, contracts, mail or other deliveries, shares of stock, commodities, futures, inventory, checks, notes, accounts, credits, receivables (as those terms are defined in the Uniform Commercial Code), funds, cash, and trusts, including, but not limited to any trust held for the benefit of any PI Defendant, any of Defendant Hoffman's minor children, or Defendant Hoffman's spouse. It shall include both existing assets and assets acquired after the date of entry of this Stipulation;

b. "Corporate Defendant" means The Hoffman Law Group, P.A. (f/k/a The Residential Litigation Group, P.A.);

c. "Document" and "Electronically Stored Information" are synonymous in meaning and equal in scope to the usage of the terms in Rule 34(a) of the Federal Rules of Civil Procedure and include but are not limited to:

- The original or a true copy of any written, typed, printed, electronically stored, transcribed, taped, recorded, filmed, punched, or graphic matter or other data compilations of any kind, including, but not limited to, letters, email or other correspondence, messages, memoranda, paper, interoffice communications, notes, reports, summaries, manuals, magnetic tapes or discs, tabulations, books, records, checks, invoices, work papers, journals, ledgers, statements,

3

returns, reports, schedules, files, charts, logs, electronic files, stored in any medium; and

- Any electronically created or stored information, including but not limited to electronic mail, instant messaging, videoconferencing, SMS, MMS, or other text messaging, and other electronic correspondence (whether active, archived, unsent, or in an deleted items folder), word processing files, spreadsheets, databases, document metadata, presentation files, and sound recordings, whether stored on any cell phones, smartphones, flash drives, personal digital assistants ("PDAs"), cards, desktop personal computer and workstations, laptops, notebooks and other portable computers, or other electronic storage media, backup disks and tapes, archive disks and tapes, and other forms of offline storage, whether assigned to individuals or in pools of computers available for shared use, or personally owned but used for work-related purposes, whether stored on-site with the computer used to generate them, stored offsite in another company facility, or stored, hosted, or otherwise maintained off-site by a third party; and computers and related offsite storage used by Defendants or Defendants' participating associates, which may include persons who are not employees of the company or who do not work on company premises;

d. "Electronic Data Host" means any person or entity that stores, hosts, or otherwise maintains electronically stored information;

4

e. "Financial Institution" means any bank, savings and loan institution, credit union, or any financial depository of any kind, including, but not limited to, any brokerage house, trustee, broker-dealer, escrow agent, title company, commodity trading company, or precious metal dealer;

f. "HLG" means Defendant The Hoffman Law Group, P.A., f/k/a The Residential Litigation Group, P.A., by whatever names it might be known;

g. "Material fact" means any fact that is likely to affect a person's choice of, or conduct regarding, goods or services;

h. "Mortgage assistance relief product or service" means any product, service, plan, or program, offered or provided to the consumer in exchange for consideration, that is represented, expressly or by implication, to assist or attempt to assist the consumer with any of the following:

- stopping, preventing, or postponing any mortgage or deed of trust foreclosure sale for the consumer's dwelling, any repossession of the consumer's dwelling, or otherwise saving the consumer's dwelling from foreclosure or repossession;

- negotiating, obtaining, or arranging a modification of any term of a dwelling loan, including a reduction in the amount of interest, principal balance, monthly payments, or fees;

- obtaining any forbearance or modification in the timing of payments from any dwelling loan holder or servicer on any dwelling loan;

- negotiating, obtaining, or arranging any extension of the period of time within which the consumer may (i) cure his or her default on a dwelling

5

loan, (ii) reinstate his or her dwelling loan, (iii) redeem a dwelling, or
(iv) exercise any right to reinstate a dwelling loan or redeem a dwelling;

- obtaining any waiver of an acceleration clause or balloon payment
  combined in any promissory note or contract secured by any dwelling;
  or

- negotiating, obtaining, or arranging (i) a short sale of a dwelling, (ii) a
  deed in lieu of foreclosure, (iii) or any other disposition of a dwelling
  loan other than a sale to a third party that is not the dwelling loan
  holder.

The foregoing shall include any manner of claimed assistance, including, but
not limited to, auditing or examining a consumer's mortgage or home loan
application;

i. "Person" means an individual, partnership, company, corporation, association
(incorporated or unincorporated), trust, estate, cooperative organization, or
other entity;

j. "PI Defendant" means Defendant Marc Hoffman by whatever names he might
be known;

k. "Receivership" means the receivership created by the Temporary Restraining
Stipulation entered by the Court in this matter on July 16, 2014 (DE 13),
including however that receivership may be amended in the future;

l. "Temporary Receiver" means Mark J. Bernet and his successors, agents,
employees, and attorneys, in their capacity as receiver over the Receivership;

m. The words "and" and "or" shall be understood to have both conjunctive and
   disjunctive meanings as necessary to make the applicable phrase or sentence
   inclusive rather than exclusive.

## I. Prohibited Misrepresentations

It is hereby **STIPULATED** that PI Defendant and his successors, assigns,
officers, agents, servants, employees, and attorneys, and those persons in active concert
or participation with any of them, who receive actual notice of this Stipulation by
personal service, facsimile transmission, email, or otherwise, whether acting directly or
through any corporation, subsidiary, division, or other device, in connection with the
advertising, marketing, promotion, offering for sale, sale, or performance of any
mortgage assistance relief product or service, are hereby restrained and enjoined from
falsely representing, or from assisting others who are falsely representing, expressly or
by implication, any of the following:

A. That PI Defendant or any other person will or likely will obtain for consumers
   mortgage loan modifications that substantially reduces a  consumers'
   mortgage payment or interest rate or will help consumers avoid foreclosure;

B. The degree of success that PI Defendant or any other person has had in
   performing any mortgage assistance relief service;

C. The nature of PI Defendant's or any other person's relationship with any
   mortgage loan holder or servicer, or other secured or unsecured lender;

D. The amount of time it will take or is likely to take to obtain or arrange a
   renegotiation, settlement, modification, or other alteration of the terms of any
   secured or unsecured debt, including but not limited to the modifications of

7

any term of a consumer's home loan, deed of trust, or mortgage, including any

recapitalization or reinstatement agreement; or

E. Any aspect of or likely success of any lawsuit regarding a person's mortgage.

## II. Disclosures Required by and
## Representations Prohibited by Regulation O

It is further **STIPULATED** that PI Defendant and his successors, assigns,

officers, agents, servants, employees, independent contractors, and attorneys, and those

persons in active concert or participation with any of them, who receive actual notice of

this Stipulation by personal service, facsimile transmission, email, or otherwise, whether

acting directly or through any corporation, subsidiary, division, or other device, in

connection with the advertising, marketing, promotion, offering for sale, sale, or

performance of any good or service, are hereby restrained and enjoined from engaging

in, or assisting others engaging in, the following conduct:

- A. Representing, expressly or by implication, that a consumer cannot or should
    not contact or communicate with his or her lender or servicer, in violation of
    12 C.F.R. § 1015.3(a);

- B. Failing to make the following disclosure clearly and prominently in all general
    and consumer-specific commercial communications: "[Name of Company] is
    not associated with the government, and our service is not approved by the
    government or your lender," in violation of 12 C.F.R. §§ 1015.4(a)(1),
    1015.4(b)(2);

- C. Failing to make the following disclosure clearly and prominently in all general
    and consumer-specific commercial communications: "Even if you accept this

8

offer and use our service, your lender may not agree to change your loan," in violation of 12 C.F.R. §§ 1015.4(a)(2), 1015.4(b)(3);

D. Failing to make the following disclosure clearly and prominently in all consumer-specific commercial communications: "You may stop doing business with us at any time. You may accept or reject the offer of mortgage assistance we obtain from your lender [or servicer]. If you reject the offer, you do not have to pay us. If you accept the offer, you will have to pay us [insert amount or method for calculating the amount] for our services," in violation of 12 C.F.R. § 1015.4(b)(1). For the purposes of this section, the amount "you will have to pay" shall consist of the total amount the consumer must pay to purchase, receive, and use all of the mortgage assistance relief services that are the subject of the sales offer, including but not limited to, all fees and charges.

E. Failing, in all general commercial communications, consumer-specific commercial communications, and other communications in cases where PI Defendant or any person has represented, expressly or by implication, in connection with the advertising, marketing, promotion, offering for sale, sale, or performance of any mortgage assistance relief service, that the consumer should temporarily or permanently discontinue payments, in whole or in part, on a dwelling loan, to place clearly and prominently, and in close proximity to any such representation the following disclosure: "If you stop paying your mortgage, you could lose your home and damage your credit rating," in violation of 12 C.F.R. § 1015.4(c); and

F. Any other conduct in violation of 12 C.F.R. Part 1015.

9

### III. Prohibition on Collection of Advance Fees

It is further **STIPULATED** that PI Defendant and his successors, assigns, officers, agents, servants, employees, independent contractors, and attorneys, and those persons in active concert or participation with any of them, who receive actual notice of this Stipulation by personal service, facsimile transmission, email, or otherwise, whether acting directly or through any corporation, subsidy, division, or other device, in connection with the advertising, marketing, promotion, offering for sale, sale, or performance of any mortgage assistance relief service, are hereby restrained and enjoined from asking for or receiving payment before consumers have executed a written agreement between the consumer and the loan holder or servicer that incorporates the offer obtained by PI Defendant.

### IV. Preservation of Records and Tangible Things

It is further **STIPULATED** that PI Defendant and his successors, assigns, officers, agents, servants, employees, independent contractors, and attorneys, and those persons in active concert or participation with any of them, who receive actual notice of this Stipulation by personal service, facsimile transmission, email, or otherwise, whether acting directly or through any entity, corporation, subsidiary, division, affiliate, or other device, are hereby restrained and enjoined from destroying, erasing, mutilating, concealing, altering, transferring, or otherwise disposing of, in any manner, directly or indirectly, any Documents or records that relate to the business practices, or business or personal finances of any Defendant, or other entity directly or indirectly under the control of any Defendant.

10

## V. Disablement of Websites

It is further **STIPULATED** that (1) any person hosting any Internet website for, or on behalf of, PI Defendant, and (2) PI Defendant and his successors, assigns, officers, agents, servants, employees, independent contractors, and attorneys, and those persons in active concert or participation with any of them, who receive actual notice of this Stipulation by personal service, facsimile transmission, email, or otherwise, whether acting directly or through any corporation, subsidiary, division, or other device, shall:

A. Immediately do whatever is necessary to ensure that any Internet website used by PI Defendant for the advertising, marketing, promotion, offering for sale, sale, or performance of any mortgage assistance relief service, including but not limited to suemylender.com, foreclosureadvisers.com, foreclosurereliefplan.com, getforeclosureassist.com, theresidentiallitigationgroup.com, and thehoffmanlawgroup.com, containing statements, representations, or omissions prohibited by Sections I and II of this Stipulation cannot be accessed by the public;

B. Prevent the destruction or erasure of any Internet website used by PI Defendant for the advertising, marketing, promotion, offering for sale, sale, or performance of any mortgage assistance relief service, by preserving such website in the format in which it is maintained currently; and

C. Within ten business days, notify Plaintiffs' counsel, in writing, of any other Internet website operated or controlled by PI Defendant.

## VI. Suspension of Internet Domain Name Registrations

It is further **STIPULATED** that any domain name registrar shall suspend the registration of any Internet website used by PI Defendant for the advertising, marketing,

11

promotion, offering for sale, sale, or performance of any mortgage assistance relief service, and containing statements, representations, or omissions prohibited by Sections I and II of this Stipulation, and shall provide, within ten business days, notice to Plaintiffs' counsel of any other Internet domain names registered or controlled by PI Defendant.

## VII. Asset Freeze

It is further **STIPULATED** that PI Defendant and his successors, assigns, officers, agents, servants, employees, independent contractors, and attorneys, and all persons directly or indirectly under the control of any of them, including any financial institution, and all other persons in active concert or participation with any of them, who receive actual notice of this Stipulation by personal service, facsimile, email, or otherwise, are hereby restrained and enjoined from directly or indirectly:

A. Selling, liquidating, assigning, transferring, converting, loaning, hypothecating, disbursing, gifting, conveying, encumbering, pledging, concealing, dissipating, spending, withdrawing, or otherwise disposing of any Asset that is:

- in the actual or constructive possession of PI Defendant; or
- in the actual or constructive possession of, or owned or controlled by, or subject to access by, or belonging to, any corporation, partnership, trust or other entity directly or indirectly owned, managed or controlled by PI Defendant;

B. Opening, or causing to be opened, any safe deposit box, commercial mail box, or storage facility belonging to, for the use or benefit of, controlled by, or titled in the name of PI Defendant, or subject to access by PI Defendant;

12

C. Incurring changes or cash advances on any credit card, stored value card, debit card or charge card issued in the name, singly or jointly, of PI Defendant or any other entity directly or indirectly owned, managed, or controlled by PI Defendant; or

D. Cashing any checks from consumers, clients, or customers of PI Defendant.

The Assets affected by this Section shall include: (a) all Assets of PI Defendant as of the time this Stipulation is entered, and (b) those Assets obtained or received after entry of this Stipulation that are derived, directly or indirectly, from the actions alleged in Plaintiffs' Complaint. This Section does not prohibit transfers to the Temporary Receiver, as specifically required in Section XVI (Delivery of Receivership Property), nor does it prohibit the Repatriation of Foreign Assets, as specifically required in Section X of this Stipulation.

## VIII. Retention of Assets and Records by Financial Institutions and Other Third Parties

It is further **STIPULATED** that, except as otherwise ordered by this Court, any financial or brokerage institution, business entity, electronic data host, Internet or "e-currency" payment processor, or person served with a copy of this Stipulation, or who otherwise has actual or constructive knowledge of this Stipulation, that holds, controls, or maintains custody of any account, Document, or Asset of, on behalf of, in the name of, for the benefit of, subject to withdrawal by, subject to access or use by, or under the signatory power of PI Defendant or other party subject to Section VII above, or has held, controlled, or maintained any such account, Document, or Asset at any time since January 1, 2012, shall:

13

A. Hold, preserve, and retain within such person's control, and prohibit the withdrawal, removal, alteration, assignment, transfer, pledge, hypothecation, encumbrance, disbursement, dissipation, conversion, sale, liquidation, or other disposal of such account, Document, or Asset held by or under such person's control, except as directed by further order of the Court or as directed in writing by the Temporary Receiver regarding accounts, Documents, or Assets held in the name of or benefit of any entity that is part of the Receivership;

B. Provide the Temporary Receiver, the Temporary Receiver's agents, Plaintiffs, and Plaintiffs' agents immediate access to Documents, including those electronically stored, hosted, or otherwise maintained on behalf of PI Defendants for forensic imaging or copying;

C. Deny access to any safe deposit box, commercial mail box, or storage facility belonging to, for the use or benefit of, controlled by, or titled in the name of PI Defendant, or subject to access by PI Defendant or other party subject to Section VII above, except that this subsection shall not limit the Temporary Receiver's access to such places;

D. Upon request by Plaintiffs' counsel or the Temporary Receiver, provide to them, within ten business days, a sworn statement setting forth:

- the identification of each account or Asset titled in the name, individually or jointly, or held on behalf of or for the benefit of, subject to withdrawal by, subject to access or use by, or under the signatory power of PI Defendant or other party subject to Section VII above, whether in whole or in part;

14

- the balance of each such account, or a description of the nature and value of such Asset, as of the close of business on the day on which this Stipulation is served;

- the identification of any safe deposit box, commercial mail box, or storage facility belonging to, for the use or benefit of, controlled by, or titled in the name of PI Defendant, or subject to access by PI Defendant or other party subject to Section VII above, whether in whole or in part; and

- if the account, safe deposit box, or other Asset has been closed or removed, the date closed or removed, the balance on said date, and the name or the person or entity to whom such account or other Asset was remitted;

E. Provide to Plaintiffs' counsel and the Temporary Receiver, within ten business days after being served with a request, copies of all Documents pertaining to such account or Asset, including but not limited to originals or copies of account applications, account statements, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, all other debit and credit instruments or slips, currency transaction reports, 1099 forms, and safe deposit box logs; provided that such institution or custodian may charge a reasonable fee; and

F. Cooperate with all reasonable requests of the Temporary Receiver relating to this Stipulations's implementation.

G. The accounts subject to this provision include: (a) all Assets of PI Defendant deposited as of the time this Stipulation is entered, and (b) those Assets

15

deposited after entry of this Stipulation that are derived from the actions
alleged in Plaintiffs' Complaint. This Section does not prohibit transfers to the
Temporary Receiver, as specifically required in Section XVII (Delivery of
Receivership Property), nor does it prohibit the Repatriation of Foreign
Assets, as specifically required in Section XI of this Stipulation.

## IX. Financial Statements and Accounting

It is further **STIPULATED** that Defendant, within three business days of service
of this Order, shall prepare and deliver to Plaintiffs' counsel and to the Temporary
Receiver:

- All documents responsive to the Plaintiffs' Request for Production of
  Documents, served August 22, 2014.

- A revised and complete financial statement accurate as of the date of
  service of this Stipulation on the form of Attachment A to the Temporary
  Restraining Order captioned, "Financial Statement of Individual
  Defendant."

## X. Consumer Credit Reports

It is further **STIPULATED** that pursuant to Section 604(a)(1) of the Fair Credit
Reporting Act, 15 U.S.C. § 1681b(a)(1), Plaintiffs may obtain credit reports concerning PI
Defendant, and that, upon written request, any credit reporting agency from which such
reports are request shall provide them to Plaintiffs.

## XI. Repatriation of Foreign Assets

It is further **STIPULATED** that within three business days of execution of this
Stipulation, PI Defendant shall provide Plaintiffs access to all records of accounts or
Assets of PI Defendant—including those of any entity that is part of the Receivership

16

that are subject to the control of PI Defendant—held by financial institutions located outside the territorial United States. All repatriated Assets, accounts, and Documents are subject to the other provisions of this Stipulation.

## XII. Noninterference with Repatriation

It is further **STIPULATED** that PI Defendant and his successors, assigns, officers, agents, servants, employees, independent contractors, and attorneys, and those persons in active concert or participation with any of them, who receive actual notice of this Stipulation by personal service, e-mail, overnight mail, or otherwise, whether acting directly or through any corporation, subsidiary, division, or other device, are hereby restrained and enjoined from taking any action, directly or indirectly, which may result in the encumbrance or dissipation of foreign Assets, or in the hindrance of the repatriation required by the preceding Section X of this Stipulation, including, but not limited to:

A. Sending any statement, letter, fax, email or wire transmission, or telephoning or engaging in any other act, directly or indirectly, that results in a determination by a foreign trustee or other entity that a "duress" event has occurred under the terms of a foreign trust agreement until such time that all Assets have been fully repatriated pursuant to Section X of this Stipulation; or

B. Notifying any trustee, protector, or other agent of any foreign trust or other related entities of either the existence of this Stipulation, or of the fact that repatriation is required pursuant to a court order, until such time that all Assets have been fully repatriated pursuant to Section X of this Stipulation.

17

### XIII. Access to Business Premises and Records

It is further **STIPULATED** that Plaintiffs, the Temporary Receiver, and their respective representatives, agents, contractors, or assistants, are permitted continued access to PI Defendant's business premises; and that the PI Defendant and his successors, assigns, officers, directors, agents, servants, employees, attorneys, and all other persons directly or indirectly, in whole or in part, under their control, and all other persons in active concert or participation with them, who receive actual notice of this Stipulation by personal service, facsimile, email, or otherwise, whether acting directly or through any corporation, subsidiary, division, or other entity, shall:

A. Allow Plaintiffs and the Temporary Receiver, and their respective representatives, agents, attorneys, investigators, paralegals, contractors, or assistants, including, but not limited to, federal, state, and local law enforcement officers, including the United States Marshals Service, the North Palm Beach Police Department, the Sheriff or deputy of any county, and the Police Department or police officer of any community, continued access to:

- all of the Defendants' business premises, including but not limited to:
  - o 860 US Highway 1, Suites 111, 204, 205, and 209, North Palm Beach, Florida;
  - o any storage facilities; and
  - o such other business locations that are wholly or partially owned, rented, leased, or under the temporary or permanent control of PI Defendant;
- any other premises where the PI Defendant conducts business, sales operations, or customer service operations;

18

- any premises where Documents related to the PI Defendant's businesses are stored or maintained, including but not limited to a storage unit;

- any premises where Assets belonging to PI Defendant are stored or maintained; and

- any Documents located at any of the locations described in this Section;

B. Cooperate with Plaintiffs' counsel and the Temporary Receiver to identify:

- all of PI Defendant's business premises and storage facilities;

- any non-residence premises where PI Defendant conducts business, sales operations, or customer service operations;

- any non-residence premises where Documents related to the business, sales operations, or customer service operations of PI Defendant are hosted, stored, or otherwise maintained, including but not limited to the name and location of any Electronic Data Hosts; and

- any non-residence premises where Assets belonging to PI Defendant are stored or maintained; and

C. Provide Plaintiffs and the Temporary Receiver, and their respective representatives, agents, attorneys, investigators, paralegals, contractors, or assistants with any necessary means of access to, copying of, and forensic imaging of Documents, including, without limitation, identifying the locations of PI Defendant's business premises, keys and combinations to business premises locks, passwords to devices that hold Electronically Stored

19

Information, computer access codes of all computers used to conduct PI Defendant's business, access to (including but not limited to execution of any Documents necessary for access to and forensic imaging of) any data stored, hosted or otherwise maintained by an electronic data host, and storage area access information;

It is further **STIPULATED** that:

A. Plaintiffs and the Temporary Receiver are authorized to employ the assistance of federal, state, and local law enforcement officers, including, but not limited to, the United States Marshals service, the United States Marshal or Deputy United States Marshal, and the Sheriff or deputy of any county, the North Palm Beach Police Department, and the Police Department and police officer of any community, to effect service, to implement peacefully the provisions of this Stipulation, and to keep the peace.

B. The assistance of law enforcement is highly advisable to ensure that this Stipulation is executed in an efficient, safe, and orderly manner. It is the primary role and mission of the United States Marshals Service to provide security and to obey, execute, and enforce all orders of the United States District Courts and the United States Courts of Appeals as provided by law. The United States Marshals Service shall execute all lawful writs, process, and orders issued under the authority of the United States, and shall command all necessary assistance to execute its duties. The United States Marshals Service is authorized to use any reasonable force in the enforcement of this Stipulation.

C. The Temporary Receiver shall continue to allow Plaintiffs and their representatives, agents, contractors, or assistants into the premises and facilities described in this Section to inspect, inventory, image, and copy Documents relevant to any matter contained in this Stipulation, wherever they may be situated. The Temporary Receiver may, at his discretion, exclude PI Defendant and his agents and employees from the business premises and facilities. No one shall interfere with Plaintiffs' or the Temporary Receiver's inspection of the PI Defendants' premises or documents.

D. The Temporary Receiver and Plaintiffs shall have the right to remove any Documents, including any devices containing Electronically Stored Information related to PI Defendant's business practices from the premises in order that they may be inspected, inventoried, and copied. The materials so removed shall be returned within five business days of completing said inventory and copying. If any property, records, Documents, or computer files relating to the Receivership Defendants' finances or business practices are located in the residence of PI Defendant or are otherwise in the custody or control of any Defendant, then such Defendant shall produce them to the Temporary Receiver within twenty-four hours of service of this Stipulation. In order to prevent the destruction of computer data, upon service of this Stipulation upon Defendants, any such computers may be powered down (turned off) in the normal course for the operating systems used on such computers and shall not be powered up or used again until produced for copying and inspection, along with any codes needed for access. Plaintiffs' and the Temporary Receiver's representatives may also photograph and videotape

21

the inside and outside of all premises to which they are permitted access by this Stipulation, and all Documents and other items found on such premises;

E. Plaintiffs' access to the PI Defendant's Documents pursuant to this Stipulation shall not provide grounds for PI Defendant to object to any subsequent request for Documents served by Plaintiffs;

F. The Temporary Receiver shall allow the PI Defendant and his representatives reasonable access to the premises of the Receivership. The purpose of this access shall be to inspect, inventory, and copy any and all Documents and other property owned by or in the possession of the Receivership, provided that those Documents and property are not removed from the premises. The Temporary Receiver shall have the discretion to determine the time, manner, and reasonable conditions of such access; and

G. PI Defendant and his employees, agents, and bookkeepers shall provide immediate access to such locations to Plaintiffs, the Temporary Receiver, the United States Marshals Service for the Southern District of Florida or other law enforcement officers and to Plaintiffs' attorneys;

H. PI Defendant and his employees, agents, and bookkeepers shall also immediately provide usernames and passwords to all computers that store information concerning PI Defendant's business operations;

I. PI Defendant and his employees shall surrender Blackberry, iPhone, Android, or other mobile access devices that contain information concerning PI Defendant's business operations to the Temporary Receiver or Plaintiffs' representatives.

22

## XIV. Cooperation with Temporary Receiver

It is further **STIPULATED** that:

A. PI Defendant and his successors, assigns, officers, agents, directors, servants, employees, salespersons, independent contractors, attorneys, and corporations, and all other persons or entities in active concert or participation with them, who receive actual notice of this Stipulation by personal service, e-mail, overnight mail or otherwise, whether acting directly or through any trust, corporation, subsidiary, division, or other device, or any of them, shall fully cooperate with and assist the Temporary Receiver. PI Defendant's cooperation and assistance shall include, but not be limited to:

- Providing any information to the Temporary Receiver that the Temporary Receiver deems necessary to exercising the authority and discharging the responsibilities of the Temporary Receiver under this Stipulation, including but not limited to allowing the Temporary Receiver to inspect Documents and Assets and to partition office space;

- Providing any username or password and executing any documents required to access any computer or electronic files in any medium, including but not limited to Electronically Stored Information stored, hosted, or otherwise maintained by an electronic data host; and

- Advising all persons who owe money to the Receivership that all debts should be paid directly to the Temporary Receiver; and

B. PI Defendant and his successors, assigns, officers, directors, agents, servants, employees, attorneys, and all other persons or entities directly or indirectly, in whole or in part, under their control, and all other persons in active concert or

participation with them, who receive actual notice of this Stipulation by personal service or otherwise, shall not interfere in any manner, directly or indirectly with the custody possession, management, or control by the Temporary Receiver of Assets and Documents, and are hereby enjoined from directly or indirectly:

- Transacting any of the business of the Receivership;

- Destroying, secreting, erasing, mutilating, defacing, concealing, altering, transferring or otherwise disposing of, in any manner, directly or indirectly, any Documents or equipment of the Receivership, including but not limited to contracts, agreements, consumer files, consumer addresses and telephone numbers, correspondence, advertisements, brochures, sales material, sales presentations, Documents evidencing or referring to Defendants' services, training materials, scripts, data, computer tapes, disks, or other computerized records, books, written or printed records, handwritten notes, telephone logs, "verification" or "compliance" tapes or other audio or video tape recordings, receipt books, invoices, postal receipts, ledgers, personal and business canceled checks and check registers, bank statements, appointment books, copies of federal, state or local business or personal income or property tax returns, photographs, mobile devices, electronic storage media, accessories, and any other Documents, records or equipment of any kind that relate to the business practices or business or personal finances of the Receivership

or any other entity directly or indirectly under the control of the
companies comprising the Receivership;

- Transferring, receiving, altering, selling, encumbering, pledging,
  assigning, liquidating, or otherwise disposing of any Assets owned,
  controlled, or in the possession or custody of, or in which an interest is
  held or claimed by, the Receivership, or the Temporary Receiver;

- Excusing debts owed to the Receivership;

- Failing to notify the Temporary Receiver of any Asset, including
  accounts, of a company that is a part of the Receivership held in any
  name other than the name of any company that is a part of the
  Receivership, or by any person or entity other than any company that is
  a part of the Receivership, or failing to provide any assistance or
  information requested by the Temporary Receiver in connection with
  obtaining possession, custody, or control of such Assets;

- Failing to create and maintain books, records, and accounts which, in
  reasonable detail, accurately, fairly, and completely reflect the incomes,
  assets, disbursements, transactions and use of monies by the PI
  Defendant or any other entity directly or indirectly under the control of
  the PI Defendant;

- Doing any act or refraining from any act whatsoever to interfere with
  the Temporary Receiver's taking custody, control, possession, or
  managing of the Assets or Documents subject to this Receivership; or
  to harass or to interfere with the Temporary Receiver in any way; or to
  interfere in any manner with the exclusive jurisdiction of this Court

25

over the Assets or Documents of the Receivership; or to refuse to
cooperate with the Temporary Receiver or the Temporary Receiver's
duly authorized agents in the exercise of their duties or authority under
any Order of this Court; and

- Filing, or causing to be filed, any petition on behalf of any company
  that is a part of the Receivership for relief under the United States
  Bankruptcy Code, 11 U.S.C. § 101 *et seq.*, without prior permission from
  this Court.

## XV. Delivery of Receivership Property

It is further **STIPULATED** that PI Defendant and his successors, assigns,
officers, directors, agents, servants, employees, attorneys, and all other persons or
entities directly or indirectly, in whole or in part, under their control, and all other
persons in active concert or participation with them, who receive actual notice of this
Stipulation by personal service or otherwise, including but not limited to financial
institutions and electronic data hosts, shall transfer or deliver access to possession,
custody, and control of the following to the Temporary Receiver:

A. All Assets of the any company that is a part of the Receivership;

B. All Documents of any company that is a part of the Receivership, including
but not limited to books and records of accounts, all financial and accounting
records, balance sheets, income statements, bank records (including monthly
statements, canceled checks, records of wire transfers, records of ACH
transactions, and check registers), client or customer lists, title documents
and other papers;

26

C. All Assets belonging to members of the public now held by any company that is a part of the Receivership;

D. All keys, computer and other passwords, user names, entry codes, combinations to locks required to open or gain or secure access to any Assets or Documents of any company that is a part of the Receivership, wherever located, including, but not limited to, access to their business premises, means of communication, accounts, computer systems, or other property; and

E. Information identifying the accounts, employees, properties, or other assets or obligations of any company that is a part of the Receivership.

In the event any person or entity fails to deliver or transfer immediately any asset or otherwise fails to comply with any provision of this Section, the Temporary Receiver may file *ex parte* with the court an Affidavit of Non-Compliance regarding the failure. Upon filing of the affidavit, the Court may authorize, without additional process or demand, Writs of Possession or Sequestration or other equitable writs requested by the Temporary Receiver. The writs shall authorize and direct the United States Marshal, any Deputy United States Marshal, the North Palm Beach Police Department, or any sheriff or deputy sheriff of any county to seize the Asset, Document, or other thing and to deliver it to the Temporary Receiver.

## XVI. Prohibition on Release of Consumer Information

It is further **STIPULATED** that, except as required by a law enforcement agency, law, regulation, or court order, PI Defendant and his successors, assigns, officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Stipulation by personal service, e-mail, overnight mail, or otherwise, are enjoined from disclosing,

27

using, or benefitting from consumer information, including the name, address, telephone number, email address, social security number, other identifying information, or any data that enables access to a consumer's account (including a credit card, bank account, or other financial account), of any person, which PI Defendant obtained prior to entry of this Stipulation in connection with any mortgage assistance relief product.

## XVII. Stay of Actions

It is further **STIPULATED** that:

A. Except by leave of this Court, during pendency of the Receivership ordered herein, PI Defendant is hereby stayed from taking any action for, against, on behalf of, or in the name of any of the following: any company that is a part of the Receivership, any of their subsidiaries, affiliates, partnerships, Assets, Documents or the Temporary Receiver or the Temporary Receiver's duly authorized agents acting in their capacities as such. Such hereby-stayed actions include, but are not limited to, the following:

- Commencing, prosecuting, continuing, entering, or enforcing any suit or proceeding, except that such actions may be filed to toll any applicable statute of limitations;

- Accelerating the due date of any obligation or claimed obligation; filing or enforcing any lien; taking or attempting to take possession, custody, or control of any asset; attempting to foreclose, forfeit, alter, or terminate any interest in any asset, whether such acts are part of a judicial proceeding, are acts of self-help, or otherwise; or

- Executing, issuing, serving, or causing the execution, issuance, or service of, any legal process, including, but not limited to, attachments,

28

garnishments, subpoenas, writs of replevin, writs of execution, or any other form of process whether specified in this Stipulation or not.

B. This Section does not stay:

- The commencement or continuation of a criminal action or proceeding;

- The commencement or continuation of an action or proceeding by a state bar association to enforce its police or regulatory power;

- The commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power;

- The enforcement of a judgment, other than a money judgment, obtained in an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power; or

- The issuance to any company that is a part of the Receivership of a notice of tax deficiency; and

C. Except as otherwise provided in this Stipulation, all persons and entities in need of documentation from the Temporary Receiver shall in all instances first attempt to secure such information by submitting a formal written request to the Temporary Receiver, and, if such request has not been responded to within thirty days of receipt by the Temporary Receiver, any such person or entity may thereafter seek an Order of this Court with regard to the relief requested.

## XVIII. Monitoring

It is further **STIPULATED** that Plaintiffs' agents or representatives may contact PI Defendant directly or anonymously for the purpose of monitoring compliance with this Stipulation, and may tape record any oral communications that occur in the course of such contacts.

## XIX. PI Defendant's Duty to Distribute Stipulation

It is further **STIPULATED** that PI Defendant shall immediately provide a copy of this Stipulation to each affiliate, subsidiary, division, sales entity, successor, assign, officer, director, employee, independent contractor, client company, electronic data host, agent, authorized signatory to bank accounts, attorney, spouse, and representative of PI Defendant and shall, within ten business days from the date of entry of this Stipulation, provide Plaintiffs' counsel with a sworn statement that: (a) confirms that PI Defendant has provided copies of the Stipulation as required by this Section and (b) lists the names and addresses of each entity or person to whom PI Defendant provided a copy of the Stipulation. Furthermore, PI Defendant shall not take any action that would encourage officers, agents, directors, employees, salespersons, independent contractors, attorneys, subsidiaries, affiliates, successors, assigns, or other persons or entities in active concert or participation with PI Defendant to disregard this Stipulation or believe that they are not bound by its provisions.

## XX. Duration of Preliminary Injunction

It is further **STIPULATED** that the Preliminary Injunction granted herein shall expire upon final disposition of all Plaintiffs' claims against PI Defendant in this case.

## XXI. Correspondence with Plaintiff
## Consumer Financial Protection Bureau

It is further **STIPULATED** that, for the purposes of this Stipulation, because mail addressed to the Bureau is subject to delay due to heightened security screening, all correspondence and service of pleadings on Plaintiff Consumer Financial Protection Bureau shall be sent either via electronic submission or via overnight express delivery to:

Melissa Baal Guidorizzi or her successor
Consumer Financial Protection Bureau
Office of Enforcement
1700 G Street, NW
Washington, DC 20552
Melissa.Guidorizzi@cfpb.gov

## XXII. Service of this Stipulation

It is further **STIPULATED** that copies of this Stipulation may be served by facsimile transmission, email, personal or overnight delivery, or US Mail, by Plaintiffs' agents and employees or any local, state, or federal law enforcement agency or by private process server, upon any financial institution or other entity or person that may have possession, custody, or control of any Documents or Assets of PI Defendant, or that may otherwise be subject to any provision of this Order. Service upon any branch or office of any financial institution shall effect service upon the entire financial institution.

Date: September 10, 2014

ATTORNEYS FOR PLAINTIFFS

CONSUMER FINANCIAL PROTECTION BUREAU:

By: Anthony Alexis, DC Bar #384545
Acting Enforcement Director

Ori Lev, DC Bar #452565
Deputy Enforcement Director

Laurel Loomis Rimon, CA Bar #166148
Assistant Litigation Deputy

31

/s/ Melissa Baal Guidorizzi
Melissa Baal Guidorizzi
NY Bar #2832731
S.D. Fla. Special Bar #A5502007
melissa.guidorizzi@cfpb.gov
202-435-9712
Fax: 202-435-7722

/s/ Benjamin Konop
Benjamin Konop
OH Bar # 0073458
S.D. Fla Special Bar #A5502012
Benjamin.konop@cfpb.gov
202-435-7265
Fax: 202-435-7722

1700 G Street NW
Washington, DC 20552

And

OFFICE OF THE ATTORNEY GENERAL
THE STATE OF FLORIDA,
DEPARTMENT OF LEGAL AFFAIRS

By:    Pamela Jo Bondi
       Attorney General

s/ Amanda Arnold Sansone
Amanda Arnold Sansone, FL Bar # 587311
amanda.sansone@myfloridalegal.com
Richard Schiffer, FL Bar #74418
richard.schiffer@myfloridalegal.com
3507 East Frontage Road #325
Tampa, Florida 33607
Phone: 813-287-7950
Fax: 813-281-5515

/s/ Richard Schiffer
Richard Schiffer, FL Bar #74418
richard.schiffer@myfloridalegal.com
Amanda Arnold Sansone, FL Bar # 587311
amanda.sansone@myfloridalegal.com
The State of Florida

3507 East Frontage Road #325
Tampa, Florida 33607
Phone: 813-287-7950
Fax: 813-281-5515


FOR THE DEFENDANT, MARC HOFFMAN

THE LORA LAW FIRM, LLC

By:     /s/ Hector E. Lora
        Hector E. Lora, Esq.
        Fla. Bar No. 755842
        Counsel for defendant,
        Marc Hoffman
        174 N.E. 106th Street
        Miami Shores, FL 33138
        Tel. No: (786) 553-8082
        Fax: (305) 757-6682
        Email: hectorlora@bellsouth.net



        /s/ Marc H. Hoffman
        Marc H. Hoffman
        22028 Martella Avenue
        Boca Raton, FL 33433