IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-80931-CIV-COHN-SELTZER

CONSUMER FINANCIAL PROTECTION
BUREAU and THE STATE OF FLORIDA,
Office of the Attorney General,
Department of Legal Affairs

 Plaintiffs,

v.

MICHAEL HARPER, an individual; BENN
WILLCOX, an individual; MARC HOFFMAN,
an individual; THE HOFFMAN LAW GROUP,
P.A. f/k/a THE RESIDENTIAL LITIGATION
GROUP, P.A., a Florida corporation;
NATIONWIDE MANAGEMENT SOLUTIONS,
LLC, a Florida limited liability company;
LEGAL INTAKE SOLUTIONS, LLC, a Florida
limited liability company; FILE INTAKE
SOLUTIONS, LLC, a Florida limited liability
company; and BM MARKETING GROUP,
LLC, a Florida limited liability company,

 Defendants.

## JOINT STATUS REPORT
## JOINED BY ALL PLAINTIFFS AND DEFENDANTS HOFFMAN, HARPER, AND WILLCOX

On February 6, 2015, the Court ordered the parties to submit a Joint Status Report with regard to the status of the Corporate Defendants. The Plaintiffs and all Individual Defendants—Marc Hoffman, Michael Harper, and Benn Willcox—have conferred and respectfully submit this joint status report. The Corporate Defendants—

the Hoffman Law Group, Nationwide Management Solutions, Legal Intake Solutions, File Intake Solutions, and BM Marketing Group—have defaulted and had a Clerk's Default entered against them [DE 71, 72]; they did not participate in preparing this status report or join this filing.

As of February 20, 2015, the status of this case is as follows:

1. **Corporate Defendants.** Plaintiffs are preparing a motion for a final default judgment against the Corporate Defendants, against whom a Clerk's Default has been entered. DE 71, 72. Plaintiffs have not yet filed their motion for default judgment because this Court's precedents suggest that such a motion is premature in cases where, as here, defaulted and non-defaulted defendants could share joint and several liability and there is a risk of inconsistent judgments. *Vantage Hospitality Group, Inc. v. Boccelli, LLC*, 2012 WL 1791816, No. 12-cv-60364-COHN (S.D. Fla. May 16, 2012) (Cohn, J.) (Order Denying Without Prejudice Plaintiff's Motion for Partial Default Judgment as to Injunctive Relief Against Defendant Boccelli); *Rodriguez v. Guacamole's Authentic Mexican Food & More, LLC*, 2012 WL 718688, No. 11-cv-62527-COHN (S.D. Fla. March 6, 2012) (Cohn, J.) (Order Denying Without Prejudice Plaintiff's Motion for Default Final Judgment); *Febles v. S & G Investco Inc.*, 2010 WL 2893345, No. 09-cv-60988-COHN (S.D. Fla. July 22, 2010) (Cohn, J.) (Order Denying Plaintiff's Motion for Default Judgment Against S & G Investco Inc.); *see also Frow v. De La Vega*, 82 U.S. 552, 554 (1872); *Wilcox v. Raintree Inns of America, Inc.*, 76 F.3d 394 (10th Cir. 1996). To avoid unnecessary motion practice, Plaintiffs intend to file their motion for a default judgment against the corporate defendants when the entire case—including Plaintiffs' claims against the Individual Defendants—is ripe for resolution, whether

through consent judgment(s) with one or more of the individuals, summary judgment, or trial.

   **2. Assets and Damages Discovery.** Plaintiffs are currently finalizing their calculation of the total value of equitable monetary relief that is appropriate in this case. Plaintiffs are working to identify all consumers affected by the conduct alleged in the Complaint, as well as the amounts those consumers paid in up-front fees and monthly "maintenance" payments. With the Receiver's assistance, Plaintiffs have accessed and reviewed Defendants' records, including client lists and financial records. Defendants' records are incomplete, and therefore Plaintiffs have been working to gather information from third parties to test and verify Defendants' records.

   Towards that end, Plaintiffs have gathered and reviewed bank statements and other records of the Corporate Defendants. They have also issued subpoenas to, and received documents from, eleven of the payment processors used by the Corporate Defendants to process payments from consumers. Plaintiffs are in the process of compiling the information received from those third parties in late January and February 2015.

   **3. Renewed Motion for a Preliminary Injunction Against the Corporate Defendants.** Plaintiffs and the Receiver agree that a preliminary injunction should issue against the defaulted Corporate Defendants. Good cause exists to enter a preliminary injunction where the Corporate Defendants have defaulted, but final judgment has not yet been entered, and discovery is ongoing as to assets and damages. Plaintiffs' renewed motion for a preliminary injunction against the defaulted Corporate Defendants is being filed concurrently with this Status Report. The Individual Defendants do not oppose that motion.

**4. Individual Defendants.** Plaintiffs provided each of the Individual Defendants with settlement demands on or about February 6, 2015. Since then, Plaintiffs and two of the Individual Defendants have made significant progress in their negotiations. At this time, the parties do not believe that they need to enter formal mediation, but will consider that possibility if settlement discussions come to an impasse.

**5. Other Matters.** Plaintiffs have engaged in discovery over the past six months, including taking depositions of the Individual Defendants and former employees of the Corporate Defendants. Plaintiffs have also engaged in third-party discovery, including issuing subpoenas and collecting documents from Defendants' tax preparer, third party payment processors, and banks.

Under this Court's Scheduling Order (DE 60), fact discovery must be completed by February 27, 2015. With the exception of the potential for a renewed motion to compel based on Mr. Harper's invocation of his Fifth Amendment privilege against self-incrimination at his deposition, Plaintiffs do not believe any extension of time will be needed beyond the current discovery deadline.

Dated: February 20, 2015                    Respectfully Submitted,

                                            s/ Maureen E. McOwen

                                            Melissa Baal Guidorizzi
                                            S.D. Fla. Special Bar #A5502007
                                            melissa.guidorizzi@cfpb.gov

                                            Maureen McOwen
                                            S.D. Fla. Special Bar #A5502014
                                            molly.mcowen@cfpb.gov

                                            Leanne E. Hartmann
                                            S.D. Fla. Special Bar #A5502021
                                            leanne.hartmann@cfpb.gov

1700 G Street NW
Washington, DC 20552
Phone: 202-435-9553
Fax: 202-435-7329
*Counsel for Plaintiff Consumer*
*Financial Protection Bureau*

Richard Schiffer, FL Bar #74418
richard.schiffer@myfloridalegal.com
Amanda Arnold Sansone, FL Bar # 587311
amanda.sansone@myfloridalegal.com
3507 East Frontage Road #325
Tampa, Florida 33607
Phone: 813-287-7950
Fax: 813-281-5515
*Counsel for Plaintiff State of Florida,*
*Office of the Attorney General*

Hector E. Lora, Esq.
174 NE 106th Street
Miami Shores, FL 33138
Phone: 786-553-8082
Fax: 305-757-6682
hectorlora@bellsouth.net
*Counsel for Defendant Marc Hoffman*

John Angelo Richert, Esq.
13575 58th St N
Clearwater, FL 33760
Phone: 540-230-5692
john@hornstine.com
*Counsel for Defendant Michael Harper*

Andrew Cove, Esq.
Cove & Associates, P.A.
225 South 21st Avenue
Hollywood, Florida 33020
anc@covelaw.com
*Counsel for Defendant Benn Willcox*

5

**CERTIFICATE OF SERVICE**

I hereby certify that on this 20th day of February, 2015, I filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served on this day on all counsel of record or *pro se* corporate parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Electronic Filing.

*VIA CM/ECF:*

> Mark J. Bernet
> Receiver
> 401 E Jackson Street, Suite 1700
> Tampa, Florida 33602
> Phone: 813-223-7333
> Fax: 813-218-5495
> Email: mark.bernet@akerman.com
>
> Hector E. Lora, Esq.
> Counsel for Defendant Marc Hoffman
> 174 NE 106th Street
> Miami Shores, FL 33138
> Phone: 786-553-8082
> Fax: 305-757-6682
> Email: hectorlora@bellsouth.net
>
> John Angelo Richert, Esq.
> Counsel for Defendant Michael Harper
> 13575 58th St N
> Clearwater, FL 33760
> 540-230-5692
> Email: john@hornstine.com
>
> Andrew Cove, Esq.
> Counsel for Defendant Benn Willcox
> Cove & Associates, P.A.
> 225 South 21st Avenue
> Hollywood, Florida 33020
> Email: anc@covelaw.com

*Via United Parcel Service (UPS):*

    The Hoffman Law Group, P.A.
    c/o Marc Hoffman
    22028 Martella Ave
    Boca Raton, FL 33433

    Nationwide Management Solutions, LLC
    File Intake Solutions, LLC
    Legal Intake Solutions, LLC
    BM Marketing Group, LLC
    c/o Benn Willcox
    15342 83rd Way N
    Palm Beach Gardens, FL 33418

Dated: February 20, 2015

Respectfully Submitted,

s/ Maureen E. McOwen
Maureen E. McOwen
S.D. Fla. Special Bar #A5502014
Consumer Financial Protection Bureau
1700 G Street NW
Washington, DC 20552
Phone: 202-435-9553
Fax: 202-435-7329
molly.mcowen@cfpb.gov