UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-80931-CIV-COHN/SELTZER

CONSUMER FINANCIAL PROTECTION
BUREAU and THE STATE OF FLORIDA,
Office of the Attorney General,
Department of Legal Affairs,

       Plaintiffs,

v.

MICHAEL HARPER; BENN WILLCOX;
MARC HOFFMAN; THE HOFFMAN LAW
GROUP, P.A., f/k/a The Residential
Litigation Group, P.A.; NATIONWIDE
MANAGEMENT SOLUTIONS, LLC;
LEGAL INTAKE SOLUTIONS, LLC;
FILE INTAKE SOLUTIONS, LLC;
and BM MARKETING GROUP, LLC,

       Defendants.

_____/

## ORDER GRANTING PRELIMINARY INJUNCTION
## AGAINST CORPORATE DEFENDANTS

**THIS CAUSE** is before the Court upon the Joint Status Report Joined by All

Plaintiffs and Defendants Hoffman, Harper, and Willcox [DE 129] and Plaintiffs'

Renewed Motion for a Preliminary Injunction Against the Defaulted Corporate

Defendants [DE 130] ("Renewed Motion").  The Court has carefully reviewed these

filings and is otherwise fully advised in the premises.

## BACKGROUND

On July 14, 2014, Plaintiffs, the Consumer Financial Protection Bureau and the State of Florida, filed a Complaint [DE 4] under (1) sections 1054 and 1055 of the Consumer Financial Protection Act of 2010, 12 U.S.C. §§ 5564 and 5565 ("CFPA"); (2) section 626 of the Omnibus Appropriations Act of 2009, as amended by section 1097 of the CFPA, 12 U.S.C. § 5538, and the Mortgage Assistance Relief Services Rule, 12 C.F.R. Part 1015 ("Regulation O"); (3) the Florida Deceptive and Unfair Trade Practices Act ("FDUPTA"), Chapter 501, Part II, Florida Statutes; and (4) Florida's Civil Theft law, sections 812.035(5), 812.041, Florida Statutes. The Complaint alleges that Defendants' acts or practices violate these laws in connection with the marketing and sale of their mortgage assistance relief services. The Complaint seeks preliminary and permanent injunctive relief, rescission or reformation of contracts, the refund of monies paid, restitution, disgorgement of ill-gotten monies, and other equitable relief, as well as civil money penalties.

On July 16, 2014, the Court issued a Temporary Restraining Order against all Defendants. See DE 13. Shortly thereafter, the Individual Defendants—Harper, Hoffman, and Willcox—stipulated to preliminary injunctions against them. See DE 76, 89, 90. The Corporate Defendants failed to respond, and a Clerk's Default was entered against them. See DE 71, 72. On September 18, 2014, the Receiver filed his Receiver's Initial Report [DE 84], which set forth the Receiver's findings and conclusions relating to his role in this case. Upon the Renewed Motion by Plaintiffs, agreement by the Receiver, and non-opposition by the Individual Defendants, the Court now issues a Preliminary Injunction against the defaulted Corporate Defendants.

## FINDINGS OF FACT

Having considered the Complaint, Plaintiffs' earlier Motion for an *Ex Parte* TRO and a Preliminary Injunction [DE 7], the Renewed Motion, and all documents and other evidence supporting these filings, the Court finds that:

1. This Court has jurisdiction over the subject matter of this case, there is good cause to believe that it will have jurisdiction over all the parties hereto, and venue in this district is proper;

2. There is good cause to believe that the Corporate Defendants—(a) The Hoffman Law Group, P.A., f/k/a the Residential Litigation Group, P.A., a Florida corporation; (b) Nationwide Management Solutions, LLC, a Florida limited liability company; (c) Legal Intake Solutions, LLC, a Florida limited liability company; (d) File Intake Solutions, LLC, a Florida limited liability company; and (e) BM Marketing Group, LLC, a Florida limited liability company—have engaged and are likely to continue to engage in acts or practices that violate Regulation O, 12 C.F.R. Part 1015, the FDUTPA, Chapter 501, Part II, and Florida's Civil Theft law, sections 812.035(5), 812.041, Florida Statutes. Plaintiffs are therefore likely to prevail on the merits of this action;

3. There is good cause to believe that immediate and irreparable harm will result from the Corporate Defendants' ongoing violations of these laws unless the Corporate Defendants are restrained and enjoined by Order of this Court;

4. There is good cause to believe that immediate and irreparable damage to the Court's ability to grant effective final relief for consumers in the form of monetary restitution and disgorgement or compensation for unjust enrichment will occur from the

3

transfer, dissipation, or concealment by the Corporate Defendants of their assets or business records unless the Corporate Defendants continue to be restrained and enjoined by Order of this Court;

5.      Good cause exists for continuing the receivership over the Corporate Defendants;

6.      Good cause exists for continuing the asset freeze and other equitable relief ordered herein;

7.      Weighing the equities and considering Plaintiffs' likelihood of ultimate success on the merits and the likelihood of irreparable harm in the absence of preliminary relief, the balance of hardships favors the Plaintiffs, and a preliminary injunction is in the public interest; and

8.      No security is required for this Order.  See Fed. R. Civ. P. 65(c).

## ORDER

Based on the preceding factual findings, it is hereby **ORDERED AND ADJUDGED** that Plaintiffs' Renewed Motion for a Preliminary Injunction Against the Defaulted Corporate Defendants [DE 130] is **GRANTED**, as detailed below.  In light of Plaintiffs' Renewed Motion, as well as the Stipulated Preliminary Injunctions entered against the Individual Defendants, it is further **ORDERED AND ADJUDGED** that Plaintiffs' original Motion for Preliminary Injunction [DE 7] is **DENIED AS MOOT**.

I.      **Definitions**

For the purposes of this Order, the following definitions shall apply:

a.  "Assets" means any legal or equitable interest in, right to, or claim to any real, personal, or intellectual property owned or controlled by, or held, in whole or

4

in part for the benefit of, or subject to access by any Corporate Defendant, wherever located, whether in the United States or abroad. This includes, but is not limited to, chattel, goods, instruments, equipment, fixtures, general intangibles, effects, leaseholds, contracts, mail or other deliveries, shares of stock, commodities, futures, inventory, checks, notes, accounts, credits, receivables (as those terms are defined in the Uniform Commercial Code), funds, cash, and trusts, including, but not limited to any trust held for the benefit of any Corporate Defendant. It shall include both existing assets and assets acquired after the date of entry of this Order;

b. "Corporate Defendants" means The Hoffman Law Group, P.A. (f/k/a The Residential Litigation Group, P.A.); Nationwide Management Solutions, LLC; Legal Intake Solutions, LLC; File Intake Solutions, LLC; and BM Marketing Group, LLC;

c. "Defendants" means the Individual Defendants and the Corporate Defendants, individually, collectively, or in any combination, and each of them by whatever names each might be known;

d. "Document" and "Electronically Stored Information" are synonymous in meaning and equal in scope to the usage of the terms in Rule 34(a) of the Federal Rules of Civil Procedure and include but are not limited to:

- The original or a true copy of any written, typed, printed, electronically stored, transcribed, taped, recorded, filmed, punched, or graphic matter or other data compilations of any kind, including, but not limited to, letters, email or other correspondence, messages, memoranda,

5

paper, interoffice communications, notes, reports, summaries, manuals, magnetic tapes or discs, tabulations, books, records, checks, invoices, work papers, journals, ledgers, statements, returns, reports, schedules, files, charts, logs, electronic files, stored in any medium; and

- Any electronically created or stored information, including but not limited to electronic mail, instant messaging, videoconferencing, SMS, MMS, or other text messaging, and other electronic correspondence (whether active, archived, unsent, or in an deleted items folder), word processing files, spreadsheets, databases, document metadata, presentation files, and sound recordings, whether stored on any cell phones, smartphones, flash drives, personal digital assistants, cards, desktop personal computer and workstations, laptops, notebooks and other portable computers, or other electronic storage media, backup disks and tapes, archive disks and tapes, and other forms of offline storage, whether assigned to individuals or in pools of computers available for shared use, or personally owned but used for work-related purposes, whether stored on-site with the computer used to generate them, stored offsite in another company facility, or stored, hosted, or otherwise maintained off-site by a third party; and computers and related offsite storage used by Defendants or Defendants' participating associates, which may include persons who are not employees of the company or who do not work on company premises;

e. "Electronic Data Host" means any person or entity that stores, hosts, or otherwise maintains electronically stored information;

f. "Financial Institution" means any bank, savings and loan institution, credit union, or any financial depository of any kind, including, but not limited to, any brokerage house, trustee, broker-dealer, escrow agent, title company, commodity trading company, or precious metal dealer;

g. "Individual Defendants" means Michael Harper, Benn Willcox, and Marc Hoffman, individually, collectively, or in any combination, and each of them by any other names by which they might be known;

h. "Material fact" means any fact that is likely to affect a person's choice of, or conduct regarding, goods or services;

i. "Mortgage assistance relief product or service" means any product, service, plan, or program, offered or provided to the consumer in exchange for consideration, that is represented, expressly or by implication, to assist or attempt to assist the consumer with any of the following:

- stopping, preventing, or postponing any mortgage or deed of trust foreclosure sale for the consumer's dwelling, any repossession of the consumer's dwelling, or otherwise saving the consumer's dwelling from foreclosure or repossession;

- negotiating, obtaining, or arranging a modification of any term of a dwelling loan, including a reduction in the amount of interest, principal balance, monthly payments, or fees;

- obtaining any forbearance or modification in the timing of payments from any dwelling loan holder or servicer on any dwelling loan;

- negotiating, obtaining, or arranging any extension of the period of time within which the consumer may (i) cure his or her default on a dwelling loan, (ii) reinstate his or her dwelling loan, (iii) redeem a dwelling, or (iv) exercise any right to reinstate a dwelling loan or redeem a dwelling;

- obtaining any waiver of an acceleration clause or balloon payment combined in any promissory note or contract secured by any dwelling; or

- negotiating, obtaining, or arranging (i) a short sale of a dwelling, (ii) a deed in lieu of foreclosure, (iii) or any other disposition of a dwelling loan other than a sale to a third party that is not the dwelling loan holder.

The foregoing shall include any manner of claimed assistance, including, but not limited to, auditing or examining a consumer's mortgage or home loan application;

j.  "Person" means an individual, partnership, company, corporation, association (incorporated or unincorporated), trust, estate, cooperative organization, or other entity;

k.  "Receiver" means Mark J. Bernet and his successors, agents, employees, and attorneys, in their capacity as receiver over the Corporate Defendants, or his replacement as designated by the Court;

l.  "Receivership Defendants" means the Corporate Defendants and their successors, assigns, affiliates, or subsidiaries, and each of them, by whatever names each might be known, provided that the Receiver has reason to believe they are owned or controlled in whole or in part by any of the Corporate Defendants;

m. The words "and" and "or" shall be understood to have both conjunctive and disjunctive meanings as necessary to make the applicable phrase or sentence inclusive rather than exclusive.

## II.   Prohibited Misrepresentations

The Corporate Defendants and their successors, assigns, officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with any of them, who receive actual notice of this Order by personal service, facsimile transmission, email, or otherwise, whether acting directly or through any corporation, subsidiary, division, or other device, in connection with the advertising, marketing, promotion, offering for sale, sale, or performance of any mortgage assistance relief product or service, are hereby temporarily restrained and enjoined from falsely representing, or from assisting others who are falsely representing, expressly or by implication, any of the following:

A.  That any Corporate Defendant or any other person will or likely will obtain for consumers mortgage loan modifications that substantially reduce consumers' mortgage payments or interest rates or help consumers avoid foreclosure;

B.  The degree of success that any Corporate Defendant or any other person has had in performing any mortgage assistance relief service;

9

C. The nature of any Corporate Defendant's or any other person's relationship with any mortgage loan holder or servicer, or other secured or unsecured lender; or

D. The amount of time it will take or is likely to take to obtain or arrange a renegotiation, settlement, modification, or other alteration of the terms of any secured or unsecured debt, including but not limited to the modifications of any term of a consumer's home loan, deed of trust, or mortgage, including any recapitalization or reinstatement agreement.

## III. Disclosures Required by and Representations Prohibited by Regulation O

The Corporate Defendants and their successors, assigns, officers, agents, servants, employees, independent contractors, and attorneys, and those persons in active concert or participation with any of them, who receive actual notice of this Order by personal service, facsimile transmission, email, or otherwise, whether acting directly or through any corporation, subsidiary, division, or other device, in connection with the advertising, marketing, promotion, offering for sale, sale, or performance of any good or service, are hereby temporarily restrained and enjoined from engaging in, or assisting others engaging in, the following conduct:

A. Representing, expressly or by implication, that a consumer cannot or should not contact or communicate with his or her lender or servicer, in violation of 12 C.F.R. § 1015.3(a);

B. Failing to make the following disclosure clearly and prominently in all general and consumer-specific commercial communications: "[Name of Company] is not associated with the government, and our service is not approved by the

government or your lender," in violation of 12 C.F.R. §§ 1015.4(a)(1), 1015.4(b)(2);

C. Failing to make the following disclosure clearly and prominently in all general and consumer-specific commercial communications: "Even if you accept this offer and use our service, your lender may not agree to change your loan," in violation of 12 C.F.R. §§ 1015.4(a)(2), 1015.4(b)(3);

D. Failing to make the following disclosure clearly and prominently in all consumer-specific commercial communications: "You may stop doing business with us at any time. You may accept or reject the offer of mortgage assistance we obtain from your lender [or servicer]. If you reject the offer, you do not have to pay us. If you accept the offer, you will have to pay us [insert amount or method for calculating the amount] for our services," in violation of 12 C.F.R. § 1015.4(b)(1). For the purposes of this Section, the amount "you will have to pay" shall consist of the total amount the consumer must pay to purchase, receive, and use all of the mortgage assistance relief services that are the subject of the sales offer, including but not limited to, all fees and charges.

E. Failing, in all general commercial communications, consumer-specific commercial communications, and other communications in cases where any Corporate Defendant or person has represented, expressly or by implication, in connection with the advertising, marketing, promotion, offering for sale, sale, or performance of any mortgage assistance relief service, that the consumer should temporarily or permanently discontinue payments, in whole

or in part, on a dwelling loan, to place clearly and prominently, and in close proximity to any such representation the following disclosure: "If you stop paying your mortgage, you could lose your home and damage your credit rating," in violation of 12 C.F.R. § 1015.4(c); and

F.  Any other conduct in violation of 12 C.F.R. Part 1015.

## IV.  Prohibition on Collection of Advance Fees

The Corporate Defendants and their officers, agents, servants, employees, independent contractors, and attorneys, and those persons in active concert or participation with any of them, who receive actual notice of this Order by personal service, facsimile transmission, email, or otherwise, whether acting directly or through any corporation, subsidy, division, or other device, in connection with the advertising, marketing, promotion, offering for sale, sale, or performance of any mortgage assistance relief service, are hereby temporarily restrained and enjoined from asking for or receiving payment before consumers have executed a written agreement between the consumer and the loan holder or servicer that incorporates the offer obtained by the Corporate Defendants.

## V.  Preservation of Records and Tangible Things

The Corporate Defendants and their successors, assigns, officers, agents, servants, employees, independent contractors, and attorneys, and those persons in active concert or participation with any of them, who receive actual notice of this Order by personal service, facsimile transmission, email, or otherwise, whether acting directly or through any entity, corporation, subsidiary, division, affiliate, or other device, are hereby temporarily enjoined from destroying, erasing, mutilating, concealing, altering,

12

transferring, or otherwise disposing of, in any manner, directly or indirectly, any Documents or records that relate to the business practices, or business or personal finances of any Corporate Defendant, or other entity directly or indirectly under the control of any Corporate Defendant.

## VI.    Disablement of Websites

(1) Any person hosting any Internet website for, or on behalf of, any Corporate Defendant, and (2) the Corporate Defendants and their successors, assigns, officers, agents, servants, employees, independent contractors, and attorneys, and those persons in active concert or participation with any of them, who receive actual notice of this order by personal service, facsimile transmission, email, or otherwise, whether acting directly or through any corporation, subsidiary, division, or other device, shall:

A.  Immediately do whatever is necessary to ensure that any Internet website used by the Corporate Defendants for the advertising, marketing, promotion, offering for sale, sale, or performance of any mortgage assistance relief service, including but not limited to suemylender.com, foreclosureadvisers.com, foreclosurereliefplan.com, getforeclosureassist.com, theresidentiallitigationgroup.com and thehoffmanlawgroup.com, containing statements, representations, or omissions prohibited by Sections II and III of this Order cannot be accessed by the public;

B.  Prevent the destruction or erasure of any Internet website used by the Corporate Defendants for the advertising, marketing, promotion, offering for sale, sale, or performance of any mortgage assistance relief service, by preserving such website in the format in which it is maintained currently; and

13

C. Within ten business days, immediately notify Plaintiffs' counsel, in writing, of any other Internet website operated or controlled by any Corporate Defendant.

## VII.   Suspension of Internet Domain Name Registrations

Any domain name registrar shall suspend the registration of any Internet website used by the Corporate Defendants for the advertising, marketing, promotion, offering for sale, sale, or performance of any mortgage assistance relief service, and containing statements, representations, or omissions prohibited by Sections II and III of this Order, and provide immediate notice to Plaintiffs' counsel of any other Internet domain names registered or controlled by any Corporate Defendant.

## VIII.   Asset Freeze

The Corporate Defendants and their successors, assigns, officers, agents, servants, employees, independent contractors, and attorneys, and all persons directly or indirectly under the control of any of them, including any financial institution, and all other persons in active concert or participation with any of them, who receive actual notice of this Order by personal service, facsimile, email, or otherwise, are hereby temporarily restrained and enjoined from directly or indirectly:

A. Selling, liquidating, assigning, transferring, converting, loaning, hypothecating, disbursing, gifting, conveying, encumbering, pledging, concealing, dissipating, spending, withdrawing, or otherwise disposing of any Asset that is:

  - in the actual or constructive possession of any Corporate Defendant; or

- in the actual or constructive possession of, or owned or controlled by, or subject to access by, or belonging to, any corporation, partnership, trust or other entity directly or indirectly owned, managed or controlled by any Corporate Defendant;

B. Opening, or causing to be opened, any safe deposit box, commercial mail box, or storage facility belonging to, for the use or benefit of, controlled by, or titled in the name of any Corporate Defendant, or subject to access by any Corporate Defendant;

C. Incurring changes or cash advances on any credit card, stored value card, debit card or charge card issued in the name, singly or jointly, of any Corporate Defendant or any other entity directly or indirectly owned, managed, or controlled by any Corporate Defendant; or

D. Cashing any checks from consumers, clients, or customers of any Corporate Defendant.

The Assets affected by this Section shall include: (a) all Assets of each Corporate Defendant as of the time this Order is entered, and (b) those Assets obtained or received after entry of this Order that are derived, directly or indirectly, from the actions alleged in Plaintiffs' Complaint. This Section does not prohibit transfers to the Receiver, as specifically required in Section XVI (Delivery of Receivership Property), nor does it prohibit the Repatriation of Foreign Assets, as specifically required in Section X of this Order.

## IX.   Retention of Assets and Records by
## Financial Institutions and Other Third Parties

Except as otherwise ordered by this Court, any financial or brokerage institution,

business entity, electronic data host, Internet or "e-currency" payment processor, or

person served with a copy of this Order, or who otherwise has actual or constructive

knowledge of this Order, that holds, controls, or maintains custody of any account,

Document, or Asset of, on behalf of, in the name of, for the benefit of, subject to

withdrawal by, subject to access or use by, or under the signatory power of any

Corporate Defendant or other party subject to Section VIII above, or has held,

controlled, or maintained any such account, Document, or Asset at any time since

January 1, 2012, shall:

A. Hold, preserve, and retain within such person's control, and prohibit the

withdrawal, removal, alteration, assignment, transfer, pledge, hypothecation,

encumbrance, disbursement, dissipation, conversion, sale, liquidation, or

other disposal of such account, Document, or Asset held by or under such

person's control, except as directed by further order of the Court or as

directed in writing by the Receiver regarding accounts, Documents, or Assets

held in the name of or benefit of any Receivership Defendant;

B. Provide the Receiver, the Receiver's agents, Plaintiffs, and Plaintiffs' agents

immediate access to Documents, including those electronically stored,

hosted, or otherwise maintained on behalf of the Corporate Defendants for

forensic imaging or copying;

C. Deny access to any safe deposit box, commercial mail box, or storage facility

belonging to, for the use or benefit of, controlled by, or titled in the name of

any Corporate Defendant, or subject to access by any Corporate Defendant or other party subject to Section VIII (Asset Freeze) above, except that this subsection shall not limit the Receiver's access to such places;

D. Provide to Plaintiffs' counsel and the Receiver, within ten business days, a sworn statement setting forth:

- the identification of each account or Asset titled in the name, individually or jointly, or held on behalf of or for the benefit of, subject to withdrawal by, subject to access or use by, or under the signatory power of any Corporate Defendant or other party subject to Section VIII above, whether in whole or in part;

- the balance of each such account, or a description of the nature and value of such Asset, as of the close of business on the day on which this Order is served;

- the identification of any safe deposit box, commercial mail box, or storage facility belonging to, for the use or benefit of, controlled by, or titled in the name of any Corporate Defendant, or subject to access by any Corporate Defendant or other party subject to Section VIII above, whether in whole or in part; and

- if the account, safe deposit box, or other Asset has been closed or removed, the date closed or removed, the balance on said date, and the name or the person or entity to whom such account or other Asset was remitted;

17

E. Provide to Plaintiffs' counsel and the Receiver, within ten business days after being served with a request, copies of all Documents pertaining to such account or Asset, including but not limited to originals or copies of account applications, account statements, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, all other debit and credit instruments or slips, currency transaction reports, 1099 forms, and safe deposit box logs; provided that such institution or custodian may charge a reasonable fee; and

F. Cooperate with all reasonable requests of the Receiver relating to this Order's implementation.

G. The accounts subject to this provision include: (a) all Assets of each Corporate Defendant deposited as of the time this Order is entered, and (b) those Assets deposited after entry of this Order that are derived from the actions alleged in Plaintiffs' Complaint.  This Section does not prohibit transfers to the Receiver, as specifically required in Section XVI (Delivery of Receivership Property), nor does it prohibit the Repatriation of Foreign Assets, as specifically required in Section X of this Order.

H. Plaintiffs are granted leave, pursuant to Fed. R. Civ. P. 45, to subpoena Documents immediately from any financial or brokerage institution, business entity, electronic data host, or person served with a copy of this Order that holds, controls, or maintains custody of any account, Document, or Asset of, on behalf of, in the name of, for the benefit of, subject to access or use by, or under the signatory power of any Corporate Defendant or other party subject

to Section VIII above, or has held, controlled, or maintained any such account, Document, or Asset at any time since January 1, 2010, and such financial or brokerage institution, business entity, electronic data host or person shall respond to such subpoena within three business days after service.

**X.    Repatriation of Foreign Assets**

Within three business days following the service of this Order, each Corporate Defendant shall:

A. Provide Plaintiffs' counsel and the Receiver with a full accounting of all Assets, accounts, and Documents outside of the territory of the United States that are held (1) by Corporate Defendants; (2) for their benefit; (3) in trust by or for them, individually or jointly; or (4) under their direct or indirect control, individually or jointly;

B. Transfer to the territory of the United States all Assets, accounts, and Documents in foreign countries held (1) by Corporate Defendants; (2) for their benefit; (3) in trust by or for them, individually or jointly; or (4) under their direct or indirect control, individually or jointly; and

C. Provide Plaintiffs access to all records of accounts or Assets of the Corporate Defendants held by financial institutions located outside the territorial United States by signing a Consent to Release of Financial Records.

All repatriated Assets, accounts, and Documents are subject to Section VIII of this Order.

## XI.     Noninterference with Repatriation

The Corporate Defendants and their successors, assigns, officers, agents, servants, employees, independent contractors, and attorneys, and those persons in active concert or participation with any of them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any corporation, subsidiary, division, or other device, are hereby temporarily restrained and enjoined from taking any action, directly or indirectly, which may result in the encumbrance or dissipation of foreign Assets, or in the hindrance of the repatriation required by the preceding Section X of this Order, including, but not limited to:

A. Sending any statement, letter, fax, email or wire transmission, or telephoning or engaging in any other act, directly or indirectly, that results in a determination by a foreign trustee or other entity that a "duress" event has occurred under the terms of a foreign trust agreement until such time that all Assets have been fully repatriated pursuant to Section X of this Order; or

B. Notifying any trustee, protector, or other agent of any foreign trust or other related entities of either the existence of this Order, or of the fact that repatriation is required pursuant to a court order, until such time that all Assets have been fully repatriated pursuant to Section X of this Order.

## XII.     Continuation of Receivership

Mark Bernet will continue as the Receiver for the business activities of the Receivership Defendants with the full power of an equity receiver.  The Receiver shall be the agent of this Court and solely the agent of this Court in acting as Receiver under

this Order. The Receiver shall be accountable directly to this Court. The Receiver shall comply with all laws and Local Rules of this Court governing federal equity receivers.

**XIII. Duties and Authorities of Receiver**

The Receiver is directed and authorized to accomplish the following:

A. Assume full control of the Receivership Defendants by removing, as the Receiver deems necessary or advisable, any director, officer, independent contractor, employee, or agent of any of the Receivership Defendants including any named Defendant, from control of, management of, or participation in, the affairs of the Receivership Defendants;

B. Take exclusive custody, control, and possession of all Assets and Documents of, or in the possession, custody, or under the control of, the Receivership Defendants, wherever situated. The Receiver shall have full power to divert mail and to sue for, collect, receive, take into possession, hold, and manage all Assets and Documents of the Receivership Defendants and other persons whose interests are now held by or under the direction, possession, custody, or control of the Receivership Defendants. The Receiver shall not, however, attempt to collect or receive any amount from a consumer if the Receiver believes the consumer was a victim of the unlawful conduct alleged in the Complaint in this matter;

C. Take all steps necessary to secure the business premises of the Receivership Defendants. Such steps may include, but are not limited to, the following as the Receiver deems necessary or advisable:

- serving and filing this Order;

21

- completing a written inventory of all Receivership Assets;

- obtaining pertinent information from all employees and other agents of the Receivership Defendants, including but not limited to, the name, home address, social security number, job description, method of compensation, and all accrued and unpaid commissions and compensation of each such employee or agent, and all computer hardware and software passwords;

- videotaping or photographing all portions of the location;

- securing the location by changing the locks and disconnecting any computer modems or other means of access to the computer or other records maintained at that location;

- requiring any persons present on the premises at the time this Order is served to leave the premises, to provide the Receiver with proof of identification, or to demonstrate to the satisfaction of the Receiver that such persons are not removing from the premises Documents or Assets of the Receivership Defendants; and

- requiring all employees, independent contractors, and consultants of the Receivership Defendants to complete a questionnaire submitted by the Receiver;

D. Conserve, hold, and manage all Receivership Assets, and perform all acts necessary or advisable to preserve the value of those Assets, in order to prevent any irreparable loss, damage, or injury to consumers or to creditors of the Receivership Defendants, including, but not limited to, obtaining an

accounting of the Assets and preventing transfer, withdrawal, or
misapplication of Assets;

E. Liquidate any and all securities or commodities owned by or for the benefit of
the Receivership Defendants as the Receiver deems to be advisable or
necessary;

F. Enter into contracts and purchase insurance as the Receiver deems to be
advisable or necessary;

G. Prevent the inequitable distribution of Assets and determine, adjust, and
protect the interests of consumers and creditors who have transacted
business with the Receivership Defendants;

H. Manage and administer the business of the Receivership Defendants until
further Order of this Court by performing all incidental acts that the Receiver
deems to be advisable or necessary, which includes retaining, hiring, or
dismissing any employees, independent contractors, or agents;

I. Choose, engage, and employ attorneys, accountants, appraisers, and other
independent contractors and technical specialists, as the Receiver deems
advisable or necessary in the performance of duties and responsibilities
under the authority granted by this Order;

J. Make payments and disbursements from the Receivership estate that are
necessary or advisable, in the opinion of the Receiver, for carrying out the
directions of, or exercising the authority granted by, this Order.  The Receiver
shall apply to the Court for prior approval of any payment of any debt or
obligation incurred by the Receivership Defendants prior to the date of entry

of this Order, except payments that the Receiver deems necessary or advisable to secure assets of the Receivership Defendants, such as rental payments;

K. Determine and implement measures to ensure that the Receivership Defendants comply with and prevent violations of this Order and all other applicable laws, including, but not limited to, revising sales materials and implementing monitoring procedures;

L. Institute, compromise, adjust, appear in, intervene in, or become party to such actions or proceedings in state, federal, or foreign courts that the Receiver deems necessary and advisable to preserve or recover the Assets of the Receivership Defendants, or that the Receiver deems necessary and advisable to carry out the Receiver's mandate under this Order;

M. Defend, compromise, adjust, or otherwise dispose of any or all actions or proceedings instituted in the past or in the future against the Receiver in his or her role as Receiver, or against the Receivership Defendants, that the Receiver deems necessary and advisable to preserve the Assets of the Receivership Defendants or that the Receiver deems necessary and advisable to carry out the Receiver's mandate under this Order;

N. Continue and conduct the business of the Receivership Defendants in such manner, to such extent, and for such duration as the Receiver may in good faith deem to be necessary or appropriate to operate the business profitably and lawfully, if at all; provided, however, that the continuation and conduct of the business shall be conditioned upon the Receiver's good faith

determination that the businesses can be lawfully operated at a profit using the Assets of the receivership estate;

O. Take depositions and issue subpoenas to obtain Documents and records pertaining to the receivership estate and compliance with this Order. Subpoenas may be served by agents or attorneys of the Receiver and by agents of any process server retained by the Receiver;

P. Open one or more bank accounts as designated depositories for funds of the Receivership Defendants.  The Receiver shall deposit all funds of the Receivership Defendants in such a designated account and shall make all payments and disbursements from the receivership estate from such account(s);

Q. Maintain accurate records of all receipts and expenditures that he makes as Receiver;

R. Cooperate with requests for information or assistance from any state or federal law enforcement agency;

S. Maintain the chain of custody of all of Defendants' records in their possession; and

T. Notify all courts in which the Receivership Defendants have litigation pending, that this case is pending, and request temporary stays of those cases or any other necessary relief to preserve the rights of consumers.

## XIV.  Access to Business Premises and Records

Plaintiffs, the Receiver, and their respective representatives, agents, contractors, or assistants, are permitted access to the Corporate Defendants' business premises;

and

The Corporate Defendants and their successors, assigns, officers, directors, agents, servants, employees, attorneys, and all other persons directly or indirectly, in whole or in part, under their control, and all other persons in active concert or participation with them, who receive actual notice of this Order by personal service, facsimile, email, or otherwise, whether acting directly or through any corporation, subsidiary, division, or other entity, shall:

A. Allow Plaintiffs and the Receiver, and their respective representatives, agents, attorneys, investigators, paralegals, contractors, or assistants, including, but not limited to, federal, state, and local law enforcement officers, including the United States Marshals Service, the North Palm Beach Police Department, the Sheriff or deputy of any county, and the Police Department or police officer of any community, immediate access to:

- all of the Corporate Defendants' business premises, including but not limited to:
  - o 860 US Highway 1, Suites 111, 204, 205, 206, and 209, North Palm Beach, Florida;
  - o any storage facilities; and
  - o such other business locations that are wholly or partially owned, rented, leased, or under the temporary or permanent control of any Corporate Defendant;
- any other premises where the Corporate Defendants conduct business, sales operations, or customer service operations;

- any premises where Documents related to the Corporate Defendants' businesses are stored or maintained, including but not limited to a storage unit;

- any premises where Assets belonging to any Corporate Defendant are stored or maintained; and

- any Documents located at any of the locations described in this Section;

B. Immediately identify to Plaintiffs' counsel and the Receiver:

- all of the Corporate Defendants' business premises and storage facilities;

- any non-residence premises where any Corporate Defendant conducts business, sales operations, or customer service operations;

- any non-residence premises where Documents related to the business, sales operations, or customer service operations of any Corporate Defendant are hosted, stored, or otherwise maintained, including but not limited to the name and location of any Electronic Data Hosts; and

- any non-residence premises where Assets belonging to any Corporate Defendant are stored or maintained; and

C. Provide Plaintiffs and the Receiver, and their respective representatives, agents, attorneys, investigators, paralegals, contractors, or assistants with any necessary means of access to, copying of, and forensic imaging of Documents, including, without limitation, identifying the locations of

Receivership Defendants' business premises, keys and combinations to business premises locks, passwords to devices that hold Electronically Stored Information, computer access codes of all computers used to conduct Receivership Defendants' business, access to (including but not limited to execution of any Documents necessary for access to and forensic imaging of) any data stored, hosted or otherwise maintained by an electronic data host, and storage area access information;

Further,

A. Plaintiffs and the Receiver are authorized to employ the assistance of federal, state, and local law enforcement officers, including, but not limited to, the United States Marshals Service, the United States Marshal or Deputy United States Marshal, and the Sheriff or deputy of any county, the North Palm Beach Police Department, and the Police Department and police officer of any community, to effect service, to implement peacefully the provisions of this Order, and to keep the peace.

B. The assistance of law enforcement is highly advisable to ensure that this Order is executed in an efficient, safe, and orderly manner. It is the primary role and mission of the United States Marshals Service to provide security and to obey, execute, and enforce all orders of the United States District Courts and the United States Courts of Appeals as provided by law. The United States Marshals Service shall execute all lawful writs, process, and orders issued under the authority of the United States, and shall command all necessary assistance to execute its duties. The United States Marshals

Service is authorized to use any reasonable force in the enforcement of this
Order.

C.  The Receiver shall immediately allow Plaintiffs and their representatives,
agents, contractors, or assistants into the premises and facilities described in
this Section to inspect, inventory, image, and copy Documents relevant to any
matter contained in this Order, wherever they may be situated.  The Receiver
may exclude Defendants and their agents and employees from the business
premises and facilities during the immediate access.  No one shall interfere
with Plaintiffs' or the Receiver's inspection of the Corporate Defendants'
premises or documents.

D.  The Receiver and Plaintiffs shall have the right to remove any Documents,
including any devices containing Electronically Stored Information related to
the Corporate Defendants' business practices from the premises in order that
they may be inspected, inventoried, and copied.  The materials so removed
shall be returned within five business days of completing said inventory and
copying.  If any property, records, Documents, or computer files relating to the
Receivership Defendants' finances or business practices are located in the
residence of any Defendant or are otherwise in the custody or control of any
Defendant, then such Defendant shall produce them to the Receiver within
twenty-four hours of service of this Order.  In order to prevent the destruction
of computer data, upon service of this Order on Defendants, any such
computers may be powered down (turned off) in the normal course for the
operating systems used on such computers and shall not be powered up or

used again until produced for copying and inspection, along with any codes needed for access. Plaintiffs' and the Receiver's representatives may also photograph and videotape the inside and outside of all premises to which they are permitted access by this Order, and all Documents and other items found on such premises;

E. Plaintiffs' access to Defendants' Documents pursuant to this Order shall not provide grounds for any Defendant to object to any subsequent request for Documents served by Plaintiffs; and

F. The Receiver shall allow the Defendants and their representatives reasonable access to the premises of the Receivership Defendants. The purpose of this access shall be to inspect, inventory, and copy any and all Documents and other property owned by or in the possession of the Receivership Defendants, provided that those Documents and property are not removed from the premises. The Receiver shall have the discretion to determine the time, manner, and reasonable conditions of such access.

## XV.   Cooperation with Receiver

A. The Corporate Defendants, and their successors, assigns, officers, agents, directors, servants, employees, salespersons, independent contractors, attorneys, and corporations, and all other persons or entities in active concert or participation with them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division, or other device, or any of them, shall fully cooperate with

and assist the Receiver.  The Corporate Defendants' cooperation and assistance shall include, but not be limited to:

- Providing any information to the Receiver that the Receiver deems necessary to exercising the authority and discharging the responsibilities of the Receiver under this Order, including but not limited to allowing the Receiver to inspect Documents and Assets and to partition office space;

- Providing any username or password and executing any documents required to access any computer or electronic files in any medium, including but not limited to Electronically Stored Information stored, hosted, or otherwise maintained by an electronic data host; and

- Advising all persons who owe money to the Receivership Defendants that all debts should be paid directly to the Receiver; and

B. The Corporate Defendants and their successors, assigns, officers, directors, agents, servants, employees, attorneys, and all other persons or entities directly or indirectly, in whole or in part, under their control, and all other persons in active concert or participation with them, who receive actual notice of this Order by personal service or otherwise, shall not interfere in any manner, directly or indirectly with the custody possession, management, or control by the Receiver of Assets and Documents, and are hereby temporarily restrained and enjoined from directly or indirectly:

- Transacting any of the business of the Receivership Defendants;

- Destroying, secreting, erasing, mutilating, defacing, concealing, altering, transferring or otherwise disposing of, in any manner, directly or indirectly, any Documents or equipment of the Receivership Defendants, including but not limited to contracts, agreements, consumer files, consumer addresses and telephone numbers, correspondence, advertisements, brochures, sales material, sales presentations, Documents evidencing or referring to Defendants' services, training materials, scripts, data, computer tapes, disks, or other computerized records, books, written or printed records, handwritten notes, telephone logs, "verification" or "compliance" tapes or other audio or video tape recordings, receipt books, invoices, postal receipts, ledgers, personal and business canceled checks and check registers, bank statements, appointment books, copies of federal, state or local business or personal income or property tax returns, photographs, mobile devices, electronic storage media, accessories, and any other Documents, records or equipment of any kind that relate to the business practices or business or personal finances of the Receivership Defendants or any other entity directly or indirectly under the control of the Receivership Defendants;

- Transferring, receiving, altering, selling, encumbering, pledging, assigning, liquidating, or otherwise disposing of any Assets owned, controlled, or in the possession or custody of, or in which an interest is held or claimed by, the Receivership Defendants, or the Receiver;

- Excusing debts owed to the Receivership Defendants;

- Failing to notify the Receiver of any Asset, including accounts, of a Receivership Defendant held in any name other than the name of the Receivership Defendant, or by any person or entity other than the Receivership Defendant, or failing to provide any assistance or information requested by the Receiver in connection with obtaining possession, custody, or control of such Assets;

- Failing to create and maintain books, records, and accounts which, in reasonable detail, accurately, fairly, and completely reflect the incomes, assets, disbursements, transactions and use of monies by the Defendants or any other entity directly or indirectly under the control of the Defendants;

- Doing any act or refraining from any act whatsoever to interfere with the Receiver's taking custody, control, possession, or managing of the Assets or Documents subject to this Receivership; or to harass or to interfere with the Receiver in any way; or to interfere in any manner with the exclusive jurisdiction of this Court over the Assets or Documents of the Receivership Defendants; or to refuse to cooperate with the Receiver or the Receiver's duly authorized agents in the exercise of their duties or authority under any Order of this Court; and

- Filing, or causing to be filed, any petition on behalf of the Receivership Defendants for relief under the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.*, without prior permission from this Court.

## XVI.   Delivery of Receivership Property

The Corporate Defendants and any other person or entity, including but not limited to financial institutions and electronic data hosts, shall transfer or deliver access to possession, custody, and control of the following to the Receiver:

A. All Assets of the Receivership Defendants;

B. All Documents of the Receivership Defendants, including but not limited to books and records of accounts, all financial and accounting records, balance sheets, income statements, bank records (including monthly statements, canceled checks, records of wire transfers, records of ACH transactions, and check registers), client or customer lists, title documents and other papers;

C. All Assets belonging to members of the public now held by the Receivership Defendants;

D. All keys, computer and other passwords, user names, entry codes, combinations to locks required to open or gain or secure access to any Assets or Documents of the Receivership Defendants, wherever located, including, but not limited to, access to their business premises, means of communication, accounts, computer systems, or other property; and

E. Information identifying the accounts, employees, properties, or other assets or obligations of the Receivership Defendants.

In the event any person or entity fails to deliver or transfer immediately any asset or otherwise fails to comply with any provision of this Section, the Receiver may file *ex parte* with the court an Affidavit of Non-Compliance regarding the failure. Upon filing of the affidavit, the Court may authorize, without additional process or demand, Writs of

Possession or Sequestration or other equitable writs requested by the Receiver. The writs shall authorize and direct the United States Marshal, any Deputy United States Marshal, the North Palm Beach Police Department, or any sheriff or deputy sheriff of any county to seize the Asset, Document, or other thing and to deliver it to the Receiver.

## XVII. Compensation for Receiver

The Receiver and all personnel hired by the Receiver as herein authorized, including counsel to the Receiver and accountants, are entitled to reasonable compensation for the performance of duties pursuant to this Order, and for the cost of actual out-of-pocket expenses incurred by them, from the assets now held by or in the possession or control of, or which may be received by, the Receivership Defendants. The Receiver shall file with the Court and serve on the parties periodic requests for the payment of such reasonable compensation. The Receiver shall not increase the hourly rates used as the bases for such fee applications without prior approval of the Court.

## XVIII. Receiver's Reports

The Receiver shall periodically report to this Court regarding: (1) the steps taken by the Receiver to implement the terms of this Order; (2) the value of all liquidated and unliquidated assets of the Receivership Defendants; (3) the sum of all liabilities of the Receivership Defendants; (4) the steps the Receiver intends to take in the future to (a) prevent any diminution in the value of assets of the Receivership Defendants, (b) pursue receivership assets from third parties, and (c) adjust the liabilities of the Receivership Defendants, if appropriate; and (5) any other matters that the Receiver believes should be brought to the Court's attention. *Provided, however,* that if any of the required information would hinder the Receiver's ability to pursue receivership

assets, the portions of the Receiver's report containing such information may be filed under seal and not served on the parties.

## XIX. Withdrawal of Receiver

The Receiver and any professional retained by the Receiver, including but not limited to his or her attorneys and accountants, be and are hereby authorized to reasonably withdraw from his or her respective appointments or representations and apply for payment of their professional fees and costs at any time after the date of this Order by sending written notice seven days prior to the date of the intended withdrawal to the Court and to the parties along with a written report reflecting the Receiver's work, findings, and recommendations, as well as an accounting for all funds and assets in possession or control of the Receiver. The Receiver shall be exonerated and the receivership deemed closed seven days from the date of the mailing of such notice of withdrawal. The Court will retain jurisdiction to consider the fee applications, report, and accounting submitted by the Receiver and the professionals. The written notice shall include an interim report indicating the Receiver's actions and reflect the knowledge gained along with the fee applications of the Receiver and his or her professionals. The report shall also contain the Receiver's recommendations, if any.

## XX. Receiver's Bond/Liability

No bond shall be required in connection with the appointment of the Receiver. Except for an act of gross negligence, the Receiver and the professionals shall not be liable for any loss or damage suffered by any of the Defendants, their officers, agents, servants, employees, and attorneys or any other person, by reason of any act performed or omitted to be performed by the Receiver and the professionals in

connection with the discharge of his or her duties and responsibilities, including but not limited to their withdrawal from the case under Section XIX.

## XXI.  Prohibition on Release of Consumer Information

Except as required by a law enforcement agency, law, regulation, or court order, the Corporate Defendants, and their successors, assigns, officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order by personal service or otherwise, are temporarily restrained and enjoined from disclosing, using, or benefitting from consumer information, including the name, address, telephone number, email address, social security number, other identifying information, or any data that enables access to a consumer's account (including a credit card, bank account, or other financial account), of any person, which any Defendant obtained prior to entry of this Order in connection with any mortgage assistance relief product.

## XXII.  Stay of Actions

A. Except by leave of this Court, during pendency of the Receivership ordered herein, the Receivership Defendants are hereby stayed from taking any action for, against, on behalf of, or in the name of any of the following:  the Receivership Defendants, any of their subsidiaries, affiliates, partnerships, Assets, Documents or the Receiver or the Receiver's duly authorized agents acting in their capacities as such.  Such hereby-stayed actions include, but are not limited to, the following:

- Commencing, prosecuting, continuing, entering, or enforcing any suit or proceeding, except that such actions may be filed to toll any

applicable statute of limitations;

- Accelerating the due date of any obligation or claimed obligation; filing or enforcing any lien; taking or attempting to take possession, custody, or control of any asset; attempting to foreclose, forfeit, alter, or terminate any interest in any asset, whether such acts are part of a judicial proceeding, are acts of self-help, or otherwise; or

- Executing, issuing, serving, or causing the execution, issuance, or service of, any legal process, including, but not limited to, attachments, garnishments, subpoenas, writs of replevin, writs of execution, or any other form of process whether specified in this Order or not.

B. This Section does not stay:

- The commencement or continuation of a criminal action or proceeding;

- The commencement or continuation of an action or proceeding by a state bar association to enforce its police or regulatory power;

- The commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power;

- The enforcement of a judgment, other than a money judgment, obtained in an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power; or

- The issuance to a Receivership Defendant of a notice of tax deficiency; and

C. Except as otherwise provided in this Order, all persons and entities in need of documentation from the Receiver shall in all instances first attempt to secure such information by submitting a formal written request to the Receiver, and, if such request has not been responded to within thirty days of receipt by the Receiver, any such person or entity may thereafter seek an Order of this Court with regard to the relief requested.

## XXIII. Monitoring

Plaintiffs' agents or representatives may contact the Corporate Defendants directly or anonymously for the purpose of monitoring compliance with this Order, and may tape record any oral communications that occur in the course of such contacts.

## XXIV. Defendants' Duty to Distribute Order

The Corporate Defendants shall immediately provide a copy of this Order to each affiliate, subsidiary, division, sales entity, successor, assign, officer, director, employee, independent contractor, client company, electronic data host, agent, authorized signatory to bank accounts, attorney, spouse, and representative of the Corporate Defendants and shall, within three calendar days from the date of entry of this Order, provide Plaintiffs' counsel with a sworn statement that: (a) confirms that the Corporate Defendants have provided copies of the Order as required by this Section and (b) lists the names and addresses of each entity or person to whom the Corporate Defendants provided a copy of the Order. Furthermore, the Corporate Defendants shall not take any action that would encourage officers, agents, directors, employees, salespersons, independent contractors, attorneys, subsidiaries, affiliates, successors, assigns, or other persons or entities in active concert or participation with the Corporate Defendants to

disregard this Order or believe that they are not bound by its provisions.

## XXV.  Duration of Preliminary Injunction

The Preliminary Injunction granted herein shall expire upon final disposition of all

Plaintiffs' claims against the Corporate Defendants in this case.

## XXVI. Correspondence with Plaintiff Consumer Financial Protection Bureau

For the purposes of this Order, because mail addressed to the Bureau is subject

to delay due to heightened security screening, all correspondence and service of

pleadings on Plaintiff Consumer Financial Protection Bureau shall be sent either via

electronic submission or via overnight express delivery to:

Melissa Guidorizzi or her successor
Consumer Financial Protection Bureau
Office of Enforcement
1625 Eye Street NW
Washington, DC 20006
Melissa.Guidorizzi@cfpb.gov

## XXVII. Service of this Order

Copies of this Order may be served by facsimile transmission, email, personal or

overnight delivery, or U.S. Mail, by Plaintiffs' agents and employees or any local, state,

or federal law enforcement agency or by private process server, upon any financial

institution or other entity or person that may have possession, custody, or control of any

Documents or Assets of any Corporate Defendant, or that may otherwise be subject to

any provision of this Order.  Service upon any branch or office of any financial institution

shall effect service upon the entire financial institution.

## XXVIII. Retention of Jurisdiction

This Court shall retain jurisdiction of this matter for all purposes of construction,

modification, and enforcement of this Order.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this _____ day of _____, 2015.

JAMES I. COHN
United States District Judge

Copies provided to:

Counsel of record and pro se parties

41